```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/31/2017__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEC TABAK,

                Plaintiff,

-against-

IDLE MEDIA, INC.,

                Defendant.

17 Civ. 8285 (AT)

**ORDER TO SHOW CAUSE**

ANALISA TORRES, District Judge:

    Plaintiff, Alec Tabak, brings this action under the Copyright Act, 17 U.S.C. § 101 *et seq.*, against Defendant for posting one of Plaintiff's photographs on the Defendant's website without license, permission, or consent. Compl. ¶¶ 10–11, ECF No. 1. He invokes the Court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). *Id.* ¶ 2. Plaintiff alleges that he is a citizen of New York and Defendant is incorporated in Pennsylvania with a place of business in Leesport, Pennsylvania, *id.* ¶¶ 5–6, which is in Berks County. He argues that venue is proper pursuant to 28 U.S.C. § 1391(b). *Id.* ¶ 4.

    For the purposes of venue, a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

    As Defendant is neither incorporated nor, as far as the Court is aware, headquartered in New York, Plaintiff has not demonstrated that venue is proper in this district under § 1391(b)(1). Additionally, Plaintiff has not identified where the cause of action accrued for the purposes of

§ 1391(b)(2). *See Pablo Star Ltd. v. Welsh Gov't*, 170 F. Supp. 3d 597, 609 (S.D.N.Y. 2016) ("[T]he fact that an infringing material is accessible via the internet in a jurisdiction is hardly sufficient to conclude that this infringement *occurred* in this district for the purposes of venue."). For these reasons, and "in the interest of justice," the Court is inclined to transfer this case under 28 U.S.C. § 1406 to the United States District Court for the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118(a) ("The Eastern District comprises the counties of Berks . . . .").

The Court hereby ORDERS Plaintiff to show cause in writing, by **November 21, 2017**, why this action should not be transferred. If Plaintiff fails to respond within the time allowed, or fails to show that venue is proper in the Southern District of New York and that the action should not be transferred in the interest of justice, the Court shall transfer this case to the United States District Court for the Eastern District of Pennsylvania.

SO ORDERED.

Dated: October 31, 2017
      New York, New York

_____
ANALISA TORRES
United States District Judge